**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**BOBBY JOE HOLLOMAN,**

    **Defendant.**

**CRIMINAL ACTION FILE NO.**
**2:24-CR-00011-SCJ**

## ORDER

This matter appears before the Court on the Report and Recommendation ("R&R") filed by the Honorable Anna W. Howard. Doc. No. [59]. [1] In the R&R, Judge Howard recommends that Defendant Bobby Joe Holloman's Motion to Dismiss Indictment (Doc. No. [36]), Motion to Suppress Evidence (Doc. No. [34]), Motion for Return of Property (Doc. No. [52]) and Request for Hearing in relation to his Motion (Doc. No. [52]) be **DENIED**.

On November 13, 2025, Defendant filed objections to the Magistrate Judge's R&R. Doc. No. [62]. The objections are: (1) with respect to his Motion to Dismiss Pursuant to the Second Amendment, the cases of United States v.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Dubois, 139 F.4th 887 (11th Cir. 2025) and United States v. Rozier, 598 F.3d 768, 770–71 (11th Cir. 2010), were wrongly decided and 18 U.S.C. § 922(g) is unconstitutional; (2) with respect to the Motion to Suppress due to Warrantless Arrest, the conclusion that Defendant's arrest was lawful because there was probable cause to arrest him; (3) with respect to the Motion to Suppress due to Delay in Obtaining a Search Warrant, the conclusion that the delay in obtaining a warrant to search his phone was reasonable and lawful; and (4) with respect to the Motion for Return of Property, Defendant objects to the Magistrate Judge's conclusion that his Motion for Return of Property should be denied. Doc. No. [62], 1–5.

The facts and procedural history are found in the R&R and are incorporated by reference. Doc. No. [59]. As stated in the R&R, Defendant was charged in a three-count Indictment on May 7, 2024. Doc. No. [1]. That Indictment charges Defendant with distributing a controlled substance resulting in serious bodily injury, distributing a controlled substance resulting in death, and possessing a firearm as a convicted felon. See id. at 1–2. Defendant filed on March 31, 2025 a Motion to Suppress Evidence obtained as a result of his warrantless arrest on August 7, 2023. Doc. No. [34]. Defendant also filed on March 31, 2025 a Motion to Dismiss the Indictment. Doc. No. [36]. On

2

June 24, 2025, the Magistrate Judge held an evidentiary hearing, at which several law enforcement personnel testified. Doc. No. [45].[1] On July 8, 2025, Defendant filed a Motion for Return of Property. Doc. No. [52].

The Court now considers Defendant Holloman's objections in turn.

I.    **LEGAL STANDARD**

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. And this Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

II.   **OBJECTION 1**

As stated above, as for Defendant's first objection with respect to his Motion to Dismiss Pursuant to the Second Amendment, he acknowledges that

---

[1] The Court has also carefully reviewed the transcript of the hearing before the Magistrate Judge (Doc. No. [53]), exhibits, as well as the briefing. See United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (per curiam) (holding that the district judge must also "read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's recommendation."); Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), (adopting as binding precedent all decisions rendered prior to the close of business on September 30, 1981 by the United States Court of Appeals for the Fifth Circuit).

3

Eleventh Circuit precedent forecloses his Motion, but asserts that the precedent (i.e., United States v. Dubois, 139 F.4th 887 (11th Cir. 2025) and United States v. Rozier, 598 F.3d 768, 770–71 (11th Cir. 2010)), were wrongly decided and that 18 U.S.C. § 922(g) is unconstitutional. Doc. No. [62], 2.

In light of the binding precedent, Defendant's objection is overruled. See McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004) ("A circuit court's decision binds the district courts sitting within its jurisdiction . . . .") (citations omitted).

### III.   OBJECTION 2

As stated above, as for Defendant's second objection, with respect to the Motion to Suppress due to Warrantless Arrest, Defendant objects to the R&Rs conclusion that Defendant's arrest was lawful because there was probable cause to arrest him. Doc. No. [62], 2.

More specifically, Defendant asserts that "the magistrate erred by applying the incorrect legal standard." Doc. No. [62], 2. The Court is unable to agree with Defendant's argument as the Eleventh Circuit has recently recognized that it has "not always consistently articulated the probable-cause standard in the context of arrests." Washington v. Howard, 25 F.4th 891, 898 (11th Cir. 2022). The Eleventh Circuit resolved the conflict in the precedent by stating: "We conclude

4

that the correct legal standard to evaluate whether an officer had probable cause to seize a suspect is to 'ask whether a reasonable officer could conclude . . . that there was a substantial chance of criminal activity.'" Id. at 902; see also United States v. Gonzalez, 107 F.4th 1304, 1311 (11th Cir. 2024) (citing the Washington standard in a direct criminal appeal reviewing the denial of a motion to suppress). This is the same standard that the Magistrate Judge used in the R&R and it is correct. The Defendant's objection is overruled on this ground.

Next, Defendant asserts that "the magistrate ignored a critical fact raised by Mr. Holloman in his briefing." Doc. No. [62], 3. Defendant asserts that the Magistrate Judge ignored his "argument that Mr. Holloman was not the only individual seen near the car where the gun and drugs were found on the day of his arrest." Id. Defendant states: "[b]ased on the fact that another individual had access to the car the very day of Mr. Holloman's arrest, the officers ignored the totality of circumstances and lacked probable cause to arrest Mr. Holloman." Id. In prior briefing, Defendant describes the individual in the video as follows: "While the video footage does not show the individual entering the car, whether the individual opened the car door and placed something in it is the critical question. That information is unclear from the video." Doc. No. [58], 2. Defendant

5

further stated: "That individual very well could have placed the gun and drugs in the car without fully entering the car." Id. at 3.

The Court notes that Defendant's argument is a bit speculative as he acknowledges that it is unclear from the video if the individual opened the car door and placed something in it. See Harris v. Hixon, 102 F.4th 1120, 1129 (11th Cir. 2024) ("It is true that officers cannot unreasonably and knowingly disregard or ignore evidence or refuse to take an obvious investigative step that would readily establish that they lack probable cause to arrest a suspect. But in our decisions holding that officers have conducted constitutionally inadequate investigations and have arrested suspects without probable cause, **the evidence that they should have considered was not speculative** . . . .") (citations omitted, emphasis added); cf. United States v. Spurlock, 177 F. App'x 18, 19 (11th Cir. 2006) (finding probable cause to conduct a warrantless search where the details that defendant relied upon permitted "nothing more than unsupported speculation . . . ."); United States v. Miller, 326 F. App'x 513, 516 (11th Cir. 2009) (finding that the evidence established probable cause after noting that defendant's "assertion that the police could not have seen the firearm and that the gun must have been under the passenger's seat is pure speculation").

6

Yet, even in considering Defendant's alleged ignored critical fact that Defendant was not the only individual seen near the car where the gun and drugs were found on the day of his arrest, it has been held that probable cause "does not require convincing proof, and need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction." Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003) (citation modified). The officers did not need to know for certain that Defendant placed the gun and drugs in the car, but they did have a reasonable basis to believe he did after viewing the video. See Hrg. Tr., Doc. No. [53], 29:17–21 ("Q. And what did you authorize his arrest for? A. Because I had seen him jump into the seat of the sedan, which turned out to be a Honda Accord, where underneath I found the gun and the drugs and I knew him to be a convicted felon."); Cf. United States v. Tate, 855 F. App'x 509, 512 (11th Cir. 2021) (discussing certainty and reasonable basis in the probable cause context). Also, as correctly stated by the Magistrate Judge, Defendant's argument "fails to address the probable cause law enforcement had to arrest Defendant for felon in possession of a firearm." Doc. No. [59], 10 n.2.

**IV.   OBJECTION 3**

As stated above, for Defendant's third objection with respect to the Motion to Suppress due to Delay in Obtaining a Search Warrant, Defendant objects to the

7

R&R's conclusion that the delay in obtaining a warrant to search his phone was reasonable and lawful. Doc. No. [62], 3. Defendant states that the Magistrate Judge's analysis "ignores the fact that Mr. Holloman requested the phone's return as soon as he was informed that the search of the phone had not yet occurred." Id. at 4. Defendant states that "[h]is failure to request the return of his phone should be viewed within this vital context," which includes him being in custody with no legal training or experience. Id.

Defendant cites no authority that states that his argument is the applicable legal standard to apply. Nevertheless, even in considering Defendant's argument as a part of the totality of the circumstances, the Magistrate Judge's finding of a "somewhat diminished" possessory interest in his cell phone remains correct.

Defendant also "objects to the magistrate's finding that [FBI Agent] Baldino's actions in pursuing the investigation 'tend toward diligence.'" Doc. No. [62], 5 (citing Doc. No. [59], 16). After review, the Court finds that the Magistrate Judge's conclusion is correct in law in fact, especially when taking into consideration the amount of active cases that Baldino handles typically. Doc. No. [59], 17.

## V.     OBJECTION 4

As stated above, for Defendant's fourth objection with respect to the Motion for Return of Property, Defendant objects to the Magistrate Judge's conclusion that his Motion for Return of Property should be denied. Doc. No. [62], 5–6. Defendant "specifically objects to the magistrate's finding that he failed to show that the seizure of the phone was illegal or the government's need for it as evidence has ended." Doc. No. [62], 5. Defendant "asserts that his phone is not of any evidentiary value to the government," due to there being no evidence that the Government can ever access the phone's contents. Id. at 6.

In light of the R&R, and this Order upholding the R&R, the Court is unable to sustain Defendant's objection as to illegal seizure and Government need. The Court is also unable to uphold the lack of evidentiary value argument, as FBI Agent Baldino testified that Hall County Sheriff's Office is "still trying to crack the pass code for that phone using their equipment." Hr. Tr., Doc. No. [53], 53:1–3; 13–19. If the officers are still trying, this constitutes some evidence that the Government may be able to access the phone's content. The Magistrate Judge's conclusion is correct in law and fact.

## VI. CONCLUSION

For the foregoing reasons, the R&R (Doc. No. [59]) is **ADOPTED** as the Order of the Court as correct in law and fact. Defendant's objections (Doc. No. [62]) are **OVERRULED**.

Defendant's Motion to Dismiss Indictment (Doc. No. [36]) is **DENIED**

Defendant's Motion to Suppress Evidence (Doc. No. [34]) is **DENIED**.

Defendant's Motion for Return of Property (Doc. No. [52]) is **DENIED**.

Defendant's Request for Hearing in relation to his Motion (Doc. No. [52]) is **DENIED**.

An evidentiary hearing on the Motion to Suppress Statements (Doc. No. [35]) and a trial date will be scheduled at a later date by the Courtroom Deputy Clerk.

**IT IS SO ORDERED** this 14th day of January, 2026.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**